United States District Court
Southern District of Texas
**ENTERED**
November 20, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 1:18-CR-4-1 |
| | § | |
| RICARDO CORIA | § | |

## ORDER AND OPINION

Defendant Ricardo Coria requests that the Court reduce his sentence and order his release due the potential contraction of and dangers posed by COVID-19. (Motion, Doc. 121) Based on the record, the Court concludes that Coria has not demonstrated that extraordinary and compelling reasons support a reduction of his sentence.

### I

In 2019, the Court sentenced Coria to 210 months in prison and five years of supervised release after he pled guilty to the crime of Possession With Intent to Distribute a Quantity More Than 50 Grams, that is, Approximately 1.86 Kilograms of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 18 U.S.C. § 2.  (Judgment, Doc. 105, 1–3)

Coria is currently serving his sentence at the Texarkana Federal Correctional Institute in Texarkana, Texas[1].  (Motion, Doc. 121, 7)

### II

The First Step Act permits defendants to present a request for a reduction of sentence directly to the courts under 18 U.S.C. § 3582(c)(1).  The statute contains specific requirements for submitting direct petitions.   The defendant must either first "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or wait for "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."  *Id.* at § 3582(c)(1)(A).  In the latter scenario, the defendant need not exhaust available administrative remedies.

---

[1] The Court takes judicial notice that the BOP has reported 152 currently active cases of COVID-19 among inmates and staff at the facility, and zero deaths.  *See COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last updated November 19, 2020).

Coria has met the requirements of Section 3582(c)(1)(A).  In his Motion, he notes that he submitted a request for compassionate release to the Warden on September 5, 2020.  (Motion, Doc. 121, 3)  That request was denied.  (*Id.*)  Although Coria admits he failed to exhaust his administrative remedies, his Motion makes clear that more than 30 days have elapsed since Coria made his request to the warden.  (*Id.*)  As a result, Coria has satisfied the threshold requirements of Section 3582(c)(1)(A).

### III

A court may reduce a defendant's sentence based on the factors set forth in 18 U.S.C. § 3553(a) if the court finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission".  18 U.S.C. § 3582(c)(1)(A)(i).  In relevant part, the policy statement provides that extraordinary and compelling reasons for early release exist when:

(a)    the defendant is suffering from a terminal illness or other serious physical, medical, functional, or cognitive condition "that substantially diminishes [her] ability . . . to provide self-care within the environment of a correctional facility and from which [he] is not expected to recover";

(b)    the defendant is at least 65 years old and "experiencing a serious deterioration in physical or mental health because of the aging process" and has "served at least 10 years or 75 percent of [her] term of imprisonment, whichever is less"; or

(c)    another reason "[a]s determined by the Director of the Bureau of Prisons".

U.S. SENTENCING GUIDELINES, § 1B1.13(1)(A) & cmt. n.1.  The defendant also must not pose a danger to the safety of the community.  *Id.* at § 1B1.13(2).

In support of his request, Coria describes his fear of a COVID-19 outbreak in his facility that could lead to his infection.  (Motion, Doc. 121, 2)  He provides anecdotal evidence of a single BOP staff-member entering the facility after having close contact with an infected individual.  (*Id.*)  He argues that his sentence should not be and was not intended to be a death sentence.  (*Id.* at 4)

The Court finds that Coria has not demonstrated that extraordinary and compelling

reasons warrant reducing his sentence. Coria's Final Presentence Investigation Report confirms that he suffers from hypertension and diabetes. (PSR, Doc. 81, ¶¶ 69-70) At the same time, Coria does not provide documentation regarding the severity of these conditions, and in any event, at 41 years of age, he is in a demographic that has proven more resilient to the most serious symptoms of COVID-19. *See* CENTERS FOR DISEASE CONTROL AND PREVENTION, CORONAVIRUS DISEASE 2019 (COVID-19): OLDER ADULTS, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last checked November 20, 2020) (noting the risk is greatest in those eighty-five years old and above and decreases with the patient's age). Furthermore, Coria's assertions regarding BOP's response to COVID-19 and the conditions in BOP facilities focus on BOP's response across the nation, and not in the particular facility in which he is being held in custody. Coria's Motion does not demonstrate that the BOP cannot protect him from contracting COVID-19 or cannot provide him with adequate care should he contract the illness.

In addition, Coria has served less than 20% of his sentence, which is lengthy due, in part, to the seriousness of the crime for which he was sentenced. He also scores as a medium risk of recidivism. (Motion, Doc. 121, 6) These facts lead the Court to conclude that Coria continues to represent a risk of danger to the community.

Based on the record before the Court concerning Coria's health and criminal history, the Court concludes that he has not demonstrated that the factors governing requests under Section 3582(c)(1) weigh in favor of the relief he seeks.

Accordingly, it is:

**ORDERED** that Defendant Ricardo Coria's Motion for Compassionate Release (Doc. 121) is **DENIED**.

SIGNED this 20th day of November, 2020.

*Fernando Rodriguez, Jr.*

Fernando Rodriguez, Jr.
United States District Judge